UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GEORGE DRUMM, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-463- DFH-TAB |
| | ) | |
| AMERICARE COMMUNITIES, LLC, | ) | |
| AMERICARE COMMUNITIES, LLC | ) | |
| EMPLOYEE BENEFIT PLAN, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION ON MOTION FOR SANCTIONS AND TO ENFORCE SETTLEMENT AGREEMENT

**I. Introduction.**

Plaintiff George Drumm has been waiting a long time to have his medical bills paid under his employee benefit plan. When he could wait no longer, he filed suit to obtain these payments. Drumm settled his claim with Defendants Americare Communities, LLC, and Americare Communities, LLC Employee Benefit Plan (collectively "Americare") pursuant to which Americare agreed to pay his medical bills, and also agreed to certain penalties if these payments were not timely made. [Docket No. 22.]

Pending before the Court is a motion Drumm filed seeking to enforce the settlement agreement and seeking sanctions. Drumm contends that Americare still has not paid his medical bills as promised. The Court held a hearing on this motion on February 11, 2008, at which the parties appeared by counsel and presented evidence and argument. For the reasons set forth below, the Magistrate Judge recommends that Drumm's motion be granted, including his request for penalties and attorney fees, and that judgment be entered accordingly.

**II. Statement of Facts.**

On September 25, 2007, Drumm and Americare entered into a settlement agreement whereby Americare agreed to "accept full responsibility for all outstanding medical claims that are due under the employee benefit plan which amount totals $67,000.00." [Hearing Ex. 1.] Americare further agreed that "[i]f the entire amount of the outstanding medical bills has not been paid by November 24, 2007," Americare would pay Drumm "the amount of 15% of the unpaid medical bills." [*Id*.] Additionally, the agreement provided that Drumm "may ask the Court to enforce this agreement and award [Drumm's] counsel fees associated with asking the Court to enforce the agreement or for a contempt action." [*Id*.] Finally, Americare agreed to pay $8,000 in attorney fees and costs. In return, Drumm agreed to dismiss all claims against Americare for retaliatory discharge. [*Id*.]

At the hearing, Drumm testified that as of November 24, 2007, none of the bills had been paid, and that as of the date of the hearing, one or two bills were paid, but the balance against him remained at $67,000 because of interest and fees. Drumm further testified that as a result of the unpaid bills, he has been sued in small claims court, his wages have been garnished, and he has had difficulty paying his mortgage (because of the garnished wages). Additionally, Drumm's attorney, Amanda Yonally, testified that Drumm has accrued $1,150 in attorney fees associated with enforcing the settlement agreement. [*See* Hearing Ex. 2.]

Drumm acknowledged at the hearing that Americare paid him two $500 checks—one to reimburse him for garnished wages and one as partial payment for the settlement. Additionally, Drumm acknowledged that payment of the bill for which his wages were garnished will result in

reimbursement of the garnished wages, and that Americare agreed to represent him in the small claims case pending against him in Randolph County, Indiana.[1]

Dane Starbuck, in-house counsel for Americare, testified at the hearing that at the time the settlement agreement had been reached, Americare believed it could satisfy the agreement in full. However, Americare is having financial difficulties; funds have not come in as quickly as anticipated and it owes sizable amounts of money to other creditors. Thus, Americare has been unable to pay the medical bills. Starbuck testified that Americare had, however, timely paid the $8,000 attorney fees to the O'Ryan Law Firm per the agreement. Starbuck also said as soon as he found out that Atlas Collection had garnished $247 from two of Drumm's paychecks, Starbuck requested that Americare send Drumm a check for $500. Starbuck had a second $500 check sent to Drumm for partial payment of settlement because the first check had not been timely received. Starbuck verified that the obligation for which Atlas Collection sought payment was fulfilled by Americare in December of 2007 or January of 2008, when it paid Atlas Collection $2,645. Starbuck furthermore described several agreements Americare has entered into with Drumm's creditors. For example, Americare agreed to pay Preferred Family Physicians $400/week until the $1,736 balance is paid, and Americare entered into a forbearance agreement of $1,000/week until $3,701 is paid in order to resolve the small claims case.

John Bartle, President of Heritage Medical Services, Inc., which is the managing partner of Americare, testified that the plan Drumm purchased was a fully-funded, self-insured plan, and

---

[1] However, Drumm also testified that Amanda Yonally appeared in the small claims case on his behalf in order to file a motion to continue a matter that had been scheduled for court on the same day as the hearing in this case.

that when the plan terminated, there were not enough premium dollars to satisfy all the claims under the plan. Bartle also stated he had directed Starbuck to try to work out something with Drumm's attorneys prior to the hearing, but that they were unwilling to meet. He does not dispute that the $67,000 in medical bills were not timely paid.

### III. Discussion.

Drumm argues that Americare has failed to fulfill its agreement. He asks that the settlement agreement be enforced in full, including the 15% penalty and attorney fees, and that judgment be entered on his behalf.

Americare does not dispute that it has failed to fulfill its agreement, but states that it has not done so only because of financial difficulties. Americare contends that if a judgment is entered, other creditors of Americare will enter this litigation. Americare suggests that Drumm and Americare work out another agreement, possibly in which the individual members that make up Americare pay Drumm's medical bills. Americare also argues that because Drumm has not been cooperative in efforts to resolve this matter prior to hearing, Drumm's attorney fees should be denied, in whole or in part.

The settlement agreement is straightforward on the penalty issue: Americare agreed to pay Drumm's medical bills by November 24, 2007, and if it failed to do so, it agreed to pay Drumm 15% of the unpaid medical bills. Americare does not dispute that it did not pay the bills by November 24, 2007. In fact, the bills are still not fully paid, and Drumm has suffered harassment by creditors, garnishment of his wages, and the hassle of being behind on his mortgage as a result. Accordingly, Drumm is entitled to be paid 15% of the remaining balance of the unpaid bills as of November 24, 2007.

Americare disputes, however, the attorney fees. The agreement provides that Drumm may ask the Court to award attorney fees associated with enforcement of the agreement. Just being entitled to ask the Court for such fees does not require that the Court grant them. Americare argues that because of Drumm's alleged lack of cooperation, he should not be awarded these fees. The Court sees the matter differently. In the Court's view, Drumm has been quite patient. In fact, Drumm has waited several months past the due date for Americare to fulfill its obligation. Drumm need not wait any longer. Americare has failed to fulfill its obligation under the settlement agreement. It is entirely appropriate for Drumm to ask the Court to require Americare to fulfill its promise without incurring the expense of doing so. Thus, Drumm is entitled to attorney fees associated with enforcing the agreement.

The only remaining question is how much Americare owes Drumm. The testimony indicates that as of November 24, 2007, none of the bills had been paid, thus entitling Drumm to 15% of 67,000, which comes to $10,050.[2] Additionally, Amanda Yonally testified that Drumm's attorney fees total $1,150—a reasonable amount for enforcing the agreement. And, of course, Americare is still obligated to pay the third party creditors the remaining balance of Drumm's medical bills due under the employee benefit plan.

## IV. Conclusion.

For the reasons expressed above, the Magistrate Judge recommends the Court grant Plaintiff's motion to enforce the settlement agreement between Americare and Drumm [Docket

---

[2] While Drumm testified that his garnished wages were to be reimbursed once the medical bill was paid, Americare did not argue at the hearing that the two $500 checks provided to Drumm by Americare should offset the amount of the penalty. Thus, the Court interprets the terms of the contract as they are written and will not assume any equitable arguments on behalf Americare.

No. 22], and that the Court award Drumm $10,050 in penalties and $1,150 in attorney fees.  In addition, the Magistrate Judge recommends that Defendants shall be responsible for making payment to medical providers or debt collection agencies for Drumm's unpaid medical bills under the Americare Communities, LLC Employee Benefit Plan, the amount of which was $67,000 as of the signing of the September 25, 2007, settlement agreement.  The Magistrate Judge further recommends the Court grant Plaintiff's request to reduce this matter to judgment so as to permit Plaintiff to proceed with collection efforts in the event that Americare further delays satisfying its obligation to Drumm.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  02/28/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Stephen D. LePage
HARRISON & MOBERLY
slepage@h-mlaw.com

Janet A. McSharar
HARRISON & MOBERLY
jmcsharar@h-mlaw.com

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Amanda Lynn Yonally
O'RYAN LAW FIRM
ayonally@oryanlawfirm.com